## NELSON v. MASSEY et al.

No. 4010.    Decided December 4, 1923.    Rehearing denied.    (220 Pac. 387.)

BILLS AND NOTES—EVIDENCE SUPPORTED FINDING OF VALID CONSIDERATION FOR NOTE.  In action on a note, evidence *held* to support finding that there was a valid consideration for the note.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson*, Judge.

Action by P. A. Nelson against O. R. Massey and another. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*Frank B. Scott*, of Salt Lake City, for appellants.

*M. M. Warner* and *Thomas O. Ivins,* of Salt Lake City, for respondent.

GIDEON, J.

Plaintiff had judgment in the district court against defendants, and defendants appeal.

This case presents a peculiar history. It is stated in appellant's brief as follows:

"This action was brought by the plaintiff on a promissory note, and a judgment obtained in the city court by default against the defendants and appellants. A garnishment was issued and the amount of the judgment collected. Thereupon the defendants woke up and employed an attorney, and took an appeal to the district court from the judgment of the city court, and, under the rules of the district court, within 10 days after filing the appeal, filed and served an answer and counterclaim, and thereafter by order of the court, on failure of plaintiff to reply, took a judgment on their counterclaim against the plaintiff for the return of the money so obtained by the plaintiff, and collected the money back with costs, from the plaintiff, by garnishment. Then the plaintiff woke up, and filed a motion to set aside the judgment in favor of the plaintiff (meaning probably the defendants). This judgment was set aside, and the motion of the plaintiff to strike the defendants' answer and counterclaim was denied, and a reply filed by the plaintiff, and the case tried by the district court, and judgment rendered again against the defendants on the promissory note and in favor of the plaintiff, on his reply, for $184.94."

The defense in the district court was want of consideration for the note. The same contention is made in this court, and that claim presents the only legal question entitled to consideration. It appears that in June, 1920, the plaintiff was employed by the defendant Massey in a garage in Salt Lake City. On or about the 29th day of that month, a Mr. Cramer, an acquaintance of the defendant Massey, called on Massey at his place of business, and interested him and the plaintiff in some oil lands in the state of Wyoming. It seems that Cramer had a filing on these lands. As a result of the negotiations Cramer agreed to give to the plaintiff and the defendant Massey for $100 his interest in 100 acres of land included within his filing upon the oil lands. Cramer accordingly executed a paper containing a description of the lands,

in which plaintiff and defendant Massey were acquiring an interest. The paper was not introduced in evidence, and its terms are not shown except the fact that it contained a description of the lands intended to be transferred or assigned to Nelson and Massey. The plaintiff Nelson was a stranger to Cramer. Nelson had the assurance of defendant Massey that Cramer was reliable and would keep his contract. Massey was not able to pay his one-half of the $100, and plaintiff thereupon paid the $100 to Cramer, but it was understood that Nelson and Massey owned each a one-half interest in the oil lands. Matters stood in this status until about the 22d day of October, 1920. In the meantime the defendant Premo became interested in the garage with the defendant Massey. Nelson testified that he was leaving the employment of the defendants, and an understanding was had between him and the defendants that he would release all his interest in the reputed oil lands for a consideration of $100, or, rather, for the repayment of the money he had paid to Cramer. As a result of that agreement the note sued on was executed.

It is the claim of the defendants that the note was not to be binding or become effective until the plaintiff had procured a written deed of assignment for his interest in these oil lands. On the other hand, it is the contention of plaintiff, and he so testified, that he called their attention to the paper that Cramer had executed in June, and stated that that was all he had, and was all that was required to transfer his interest to the defendants, and that he left the paper with the defendants or in a desk at the garage.

The court made findings in conformity with the testimony of plaintiff.

It appears without much question that all the parties understood the transaction, and assumed that by leaving the paper that Cramer had given to the plaintiff, Nelson, and the defendant Massey, the defendants would thereby become entitled to whatever right or interest the plaintiff had in these lands, and that no formal assignment was necessary or required. It does not appear that the paper signed by

Cramer was a formal conveyance, but was a mere description of the land from which it was understood that the plaintiff and Massey were entitled to whatever consideration was received for the sale of these lands if Cramer was able to make a sale. We entertain no doubt that the testimony supports the court's finding, and conclusion that there was a legal and valid consideration for the note.

In a former opinion attention was called to the fact that the motion for a new trial was overruled on the 10th day of March, 1923; that notice of that order was given on the same day; that on the 31st day of March the court made its order granting the defendants 30 days additional time in which to serve their proposed bill of exceptions. It also appeared that on the 12th day of May, 1923, another order was made extending the time for an additional time in which to prepare and serve a proposed bill of exceptions. The order of March 31st extended the time until May 10th; hence the order of May 12th was made after the court had lost jurisdiction in which to make an order extending the time for the service of the proposed bill. These facts appeared from the bill of exceptions. This court concluded, therefore, that there was no bill of exceptions before it for review. It now appears that the proposed bill had actually been served prior to the making of the order of May 12th. The proposed bill was served on April 27th. The former opinion was based upon an erroneous understanding of what the record showed. That opinion is therefore recalled, and this opinion will be published as the official opinion in the case.

It follows from what has been said that the judgment of the district court should be, and it accordingly is hereby, affirmed, with costs to be taxed against appellants. The petition for rehearing is also denied.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.